## WARD et al. v. ALEXANDER and BILLS.

1. In appeals or writs of error from the County to the Circuit Courts, the Court may, on affirmance, give fifteen per cent damages.
2. The act of January, 1826, by which the Supreme Court is authorized to render judgement against securities in appeal or writ of error bonds, does not authorize the Circuit Courts to do so on appeals or writs of error from the County Courts.
3. That act did not alter the mode of proceeding against securities in such cases

A. R. ALEXANDER and J. H. BILLS recovered a judgement against P. Ward, in the County Court of Lauderdale county, at January term, 1826, in an action of debt. Ward on the 17th of July, 1826, sued out a writ of error on said judgement, returnable to the Circuit Court of said county; and gave bond with Samuel Maxwell and Waller Ford as his securities, to supersede the execution. At October term, 1826, the Circuit Court of Lauderdale, on the errors assigned, affirmed the judgement of the County Court, awarded fifteen per cent damages on the amount for the delay, and rendered judgement against the securities, Maxwell and Ford, as well as against Ward. the principal. On the 10th of December, 1827, Ward, Maxwell and Ford, sued their writ of error to reverse the judgement of the Circuit Court; and assign in this Court, among other things, that the Circuit Court erred in rendering judgement against the securities, and also in awarding the fifteen per cent damages.

MARTIN, for the plaintiffs in error.

SHORTRIDGE and ELLIS, for the defendants.

JUDGE PERRY delivered the opinion of the Court.

By a reference to the different statutes relating to appeals and writs of error, the liability of securities in appeal and writ of error bonds, and the method of enforc-

ing that liability, it will be found, that previous to the JANUARY 1828.
act of January, 1826, [a] on the affirmance of judgements
either in the Circuit or Supreme Court, a certificate of
such affirmance went to the Court below; and if the
judgement was not satisfied, a *scire facias* issued against
the securities, to bring them into Court to shew cause
why judgement should not be entered against them. This
was the manner of proceeding against securities until
the passage of the act above referred to. This act pro-
vides that the Supreme Court shall, in all cases of affirm-
ance of judgements rendered by any inferior Court, give
judgement against the security or securities in the bond,
executed on obtaining the appeal or writ of error. It is
the opinion of the Court, that the provisions of this act
do not apply to writs of error prosecuted in the Circuit
Courts, because it only authorizes the Supreme Court, by
name, to render judgement against the securities in appeal
or writ of error bonds prosecuted in the Supreme Court,
and there is no provision in the act extending the same
powers to the Circuit Court. The liability of securities,
and the mode of enforcing that liability against them on
bonds for appeals or writs of error from the County to
the Circuit Courts, remains the same as it was before the
passage of the act referred to. The case of Brown, Max-
well and others, against Butler, determined at the last
term of this Court, decided the principle involved in this
case. In the opinion of the Court. there was no error in
awarding judgement for fifteen per cent damages; but
there was error in rendering judgement against the se-
curities. The judgement must therefore be reversed and
the cause remanded.

Judge White not sitting.

Note. See Bishop against Cox and Noble, Minor's Ala Rep. 204,
and Otys' administrator against Rives, ibid. 401, as to the damages.